# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SULTAN MOHAMMAD ALI-CAUTHEN,<br><br>Defendant. | Criminal Action No. TDC-17-0006 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Sultan Mohammad Ali-Cauthen's self-represented Motion for Compassionate Release. ECF No. 552. After pleading guilty to conspiracy to distribute and possess with intent to distribute 28 g or more of cocaine base, in violation of 21 U.S.C. § 846 and 841(b)(1)(B), Ali-Cauthen was sentenced on December 16, 2019 to 96 months of imprisonment to be followed by five years of supervised release. Ali-Cauthen is presently designated to Federal Correctional Institution Elkton ("FCI-Elkton") in Lisbon, Ohio and scheduled to be released on November 5, 2023. In his Motion, Ali-Cauthen seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and his personal medical conditions.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> \*   \*   \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id*. Ali-Cauthen has submitted proof that he has satisfied the requirement to exhaust administrative remedies because he submitted a request for compassionate release to the Warden of his prison on or about April 27, 2020, and more than 30 days have elapsed since that submission. Mot. Ex. A, ECF No. 571-1; *see also* 18 U.S.C. § 3582(c)(1)(A). Ali-Cauthen now argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" that justify a sentence reduction to time served with home confinement as a condition of supervised release. 18 U.S.C. § 3582(c)(1)(A)(i),

Upon careful review of the Motion, the Court will not grant the requested relief. Although the COVID-19 pandemic can present extraordinary and compelling reasons to warrant a sentence reduction under certain circumstances, such as where a defendant has a medical or other condition that creates a high risk of death or serious illness from COVID-19 and the defendant is incarcerated at a prison with a particularly high incidence of COVID-19, such conditions are not present here. As noted by Ali-Cauthen, FCI-Elkton has been one of the BOP facilities hardest hit by COVID-

19. As of August 3, 2020, it has had 1,001 cases of COVID-19 among inmates, nine of whom died of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 3, 2020). There have also been over 50 cases among FCI-Elkton staff. At the present time, however, of those cases, only 57 inmate positive cases and two staff positive cases remain active. *Id.*

Ali-Cauthen, however, does not have a medical condition that places him at high risk for death or serious illness from COVID-19. He is 42 years old and asserts that he has a variety of health conditions, most prominently intercostal neuralgia and an "undiagnosed neurological disorder" that causes muscle contractions, Mot. at 2, ECF No. 537, and he has provided medical records establishing that he does have such a neurological condition. Though serious, that condition and his other identified conditions are not the type of disorders that place Ali-Cauthen at high-risk for COVID-19. *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Aug. 3, 2020). While Ali-Cauthen argues that receiving effective medical treatment at FCI-Elkton is extremely difficult due to the impact of COVID-19 on that facility, if true, the appropriate remedy would be a transfer to a BOP medical facility equipped to address his condition. Under these circumstances, the Court does not find that there are "extraordinary and compelling reasons" to justify a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Even if the circumstances of COVID-19 presented extraordinary and compelling reasons, the Court would still be required to consider the factors in 18 U.S.C. § 3553(a) in assessing whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). Upon consideration of those

factors, the Court would not grant such a reduction.  The nature and circumstances of this offense consisted of an extensive drug trafficking conspiracy, involving large quantities of cocaine and crack cocaine, in which Ali-Cauthen played a major role.   Presentence Investigation Report ("PSR") ¶¶ 11-21.  Based on his prior convictions, Ali-Cauthen was in criminal history category III.  PSR ¶ 45.  Where Ali-Cauthen was taken into custody on January 11, 2017, Ali-Cauthen has served approximately 42 months on a sentence of 96 months, a period of time that is less than the mandatory minimum five-year sentence on the offense of conviction.  21 U.S.C. § 841(b)(1)(B); PSR ¶ 70.  Upon consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, the Court finds that a sentence of time served, even with home confinement as a condition of supervised release, would be insufficient to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes.  18 U.S.C. § 3553(a).  Under these circumstances, the Court will deny the Motion.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Ali-Cauthen's Motion for Compassionate Release, ECF No. 552, is DENIED.

Date:   August 4, 2020                    /s/ *Theodore D. Chuang*
                                                      THEODORE D. CHUANG
                                                     United States District Judge